Citation Nr: 1755099 
Decision Date: 11/30/17 Archive Date: 12/07/17

DOCKET NO. 14-06 413 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUES

1. Entitlement to service connection for a back disorder.

2. Entitlement to service connection for a bilateral foot disorder.


REPRESENTATION

Appellant represented by: The American Legion


WITNESS AT HEARING ON APPEAL

Appellant




ATTORNEY FOR THE BOARD

S.M. Kreitlow


INTRODUCTION

The Veteran had active military service from April 1990 to August 1990. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida, in which the RO denied service connection for the two issues listed on the Title page as well as for a right elbow condition. 

The Veteran appeared and testified at a Board video-conference hearing held at the RO before the undersigned Veterans Law Judge in May 2015. A transcript of this hearing is associated with the claims file. Thereafter, in October 2015, the Board issued a decision in which it denied service connection for a right elbow disorder, but remanded the Veteran's claims for service connection for a back disorder and a bilateral foot disorder for additional development. After said development was completed, the Board issued a decision in June 2016 denying the Veteran's claims for service connection for back and bilateral foot disorders. The Veteran appealed that decision to the Court of Appeals for Veterans Claims (Court). By memorandum decision issued in June 2017, the Court vacated the Board's June 2016 decision and remanded the Veteran's appeal to the Board. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2017). 38 U.S.C. § 7107(a)(2) (West 2012).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The Board finds that remand of the Veteran's claims is necessary to comply with the Court's June 2017 memorandum decision. See Stegall v. West, 11 Vet. App. 268, 271 (1998). In its decision, the Court essentially found that the Board erred in relying on the prior medical opinions obtained from VA examinations provided to the Veteran in March 2014 and December 2015 because the VA examiners who rendered those opinions failed to take into consideration the Veteran's lay assertions concerning etiology of his conditions. In other words, the Court found that the VA examiners who opined that the Veteran's current back disorder was not related to his military service failed to address whether there was any merit to the Veteran's assertion that his low back disorder was caused by his report of lifting tank rounds in service. As to his bilateral foot disorder, the Court found that, although the VA examiner acknowledged that the in-service blisters were likely caused by the Veteran's marching and addressed whether the currently diagnosed plantar fasciitis could be caused by the blisters, the VA examiner failed to address the Veteran's lay assertion that the marching caused the Veteran's current bilateral plantar fasciitis. 

Consequently, the Board finds that remand is required to return the Veteran's claims file to the VA examiner who performed the last VA examinations in December 2015 for him to provide new medical opinions after taking due consideration of the Veteran's lay statements concerning the etiology of his claimed back and foot conditions. 

Furthermore, as the last treatment records in the claims file are from October 2015, efforts should be made to obtain any current records available relating to treatment for his claimed back and foot disorders.

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Contact the Veteran and ask him to identify all medical providers, both VA and non-VA who has treated him for his claimed back and bilateral foot disorders since October 2015. For any non-VA providers, the Veteran should be advised that he can either provide the private treatment records to VA or provide VA with a release form for it to obtain those records for him. Any VA treatment records identified and any non-VA treatment records for which the Veteran has provide an appropriate release should be obtained, if available, and associated with the claims file. All efforts to obtain such records should be noted in the claims file.

2. Thereafter, return the Veteran's claims file to the VA examiner who conducted the December 2015 VA examination on the back and feet and request he supplement his prior medical opinions after considering the Veteran's lay assertions of etiology (onset in service). If the VA examiner is not available, then the Veteran's claims file should be forwarded to a VA clinician or clinicians with the appropriate expertise to respond to the medical opinions requested. An in-person examination should not be ordered unless asked for by a clinician providing a requested medical opinion. 

a. Specifically, with regards to the back disorder, the examiner is asked to consider whether the Veteran's currently diagnosed lumbosacral strain is at least as likely as not (i.e., a 50 percent probability or more) related to his report that he injured his back in service from lifting tank rounds in service. 

b. With regards to the bilateral foot disorder, the examiner is asked to consider whether the Veteran's currently diagnosed bilateral plantar fasciitis is at least as likely as not (i.e., at least a 50 percent probability or more) related to long marches he performed during his active military service.

The examiner should provide a complete explanation for all opinions given. If the examiner cannot provide an opinion without resorting to speculation, the examiner should provide an explanation as to why this is so and note what, if any, additional evidence would permit such an opinion to be made. 

3. Thereafter, readjudicate the Veteran's claims. If such action does not resolve the claims, a Supplemental Statement of the Case should be issued to the Veteran and his representative. An appropriate period of time should be allowed for response. Thereafter, these claims should be returned to this Board for further appellate review, if in order. 

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C. §§ 5109B, 7112 (West 2012).




_________________________________________________
M.C. GRAHAM
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C. § 7252 (West 2012), only a decision of the Board is appealable to the Court. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2017).